RAWLINSON, Circuit Judge,
dissenting:
On the issue of tribal jurisdiction over non-Indians, the United States Supreme Court is moving in one direction and we are moving in another. In recent years, the Supreme Court has clearly signaled that tribal jurisdiction over non-Indians on fee simple land is tenuous, at best. The majority seemingly ignores that signal.
This case concerns the efforts of the Rincon Band of Luiseno Indians (the Tribe) to force compliance with its Environmental Enforcement Code and Tribal Court Jurisdiction Ordinance upon a non-Indian on fee simple land.
Exhaustion of tribal court remedies was not required in this case because tribal court jurisdiction was not “colorable or plausible.” Elliott v. White Mountain Apache Tribal Court, 566 F.3d 842, 848 (9th Cir.2009) (citation omitted). Rather, requiring exhaustion in this case “would serve no purpose other than delay.” Id. at 847, quoting Nevada v. Hicks, 533 U.S. 353, 369, 121 S.Ct. 2304, 150 L.Ed.2d 398 (2001).
In recent years, the Supreme Court has clarified that “a tribe’s adjudicative jurisdiction does not exceed its legislative jurisdiction .... ” Plains Commerce Bank v. Long Family Land & Cattle Co., 554 U.S. 316, 330, 128 S.Ct. 2709, 171 L.Ed.2d 457 (2008). “Once tribal land is converted into fee simple, the tribe loses plenary jurisdiction over it....” Id. at 328, 128 S.Ct. 2709 (citations omitted). “This necessarily entails the loss of regulatory jurisdiction over the use of the land by others....” Id. at 329, 128 S.Ct. 2709 (citation and internal quotation marks omitted). Thus, “[a]s a general rule, then, the tribe has no authority itself, by way of tribal ordinances or actions in the tribal courts, to regulate the use of fee land.” Id. (citation and internal quotation marks omitted).
So we start with the premise that tribal jurisdiction is lacking over the activities of non-Indians on fee simple land. See id. Although the Supreme Court has articulated two exceptions to the general rule of the lack of tribal jurisdiction, it has cautioned that the exceptions are limited and “cannot be construed in a manner that would swallow the rule, or severely shrink it ...” Id. at 330, 128 S.Ct. 2709 (citations and internal quotation marks omitted). Yet that is precisely what the majority’s holding does.
The second exception articulated by the Supreme Court in Montana v. United States, 450 U.S. 544, 101 S.Ct. 1245, 67 L.Ed.2d 493 (1981) is at issue here. That exception provides for the exercise of tribal jurisdiction “over the conduct of non-Indians on fee lands” if the conduct at issue “threatens or has some direct effect on the ... health or welfare of the tribe....” Id. at 566, 101 S.Ct. 1245 (citations omitted) (emphasis added).
The showing by the Tribe of a “potential for water contamination” falls short of the direct effect envisioned by the Supreme *15 Court. Acknowledgment of this cursory and speculative basis for the exercise of tribal jurisdiction is far from plausible in my view. Rather, it is better recognized as running afoul of the Supreme Court’s warning against expanding the Montana exceptions to the point the general rule against tribal jurisdiction is “swallow[ed]” or “severly shr[u]nk.” Plains Commerce, 554 U.S. at 330, 128 S.Ct. 2709.
I respectfully dissent.